MILLS, Judge.
The employer/carrier appeal and the claimant cross appeals from an order denying wage loss and disability benefits, but awarding medical benefits. We affirm.
Butterfield injured her left knee in an industrial accident. Shortly thereafter, surgery was performed on the knee. She later developed swelling and received infections at the site of the incision.
A treating physician, Dr. Fishalow, probed the site and found pieces of foreign fiber under the skin. Dr. Fishalow testified the foreign fibers caused the infections and that, in his opinion, Butterfield put them in the incision site.
Following a reinjury to the knee, Butter-field claimed wage loss benefits up to the time of injury, temporary disability benefits following the reinjury, and related medical benefits. The deputy, among other things, rejected the employer/carrier’s contention that the condition leading to Butter-field’s need for medical benefits was self-inflicted. He found her present condition causally connected to the industrial accident.
The employer/carrier argue the deputy erred in rejecting this contention and Dr. Fishalow’s opinion that the infections were self-inflicted. They point out that a deputy may not reject unrefuted medical testimony concerning a condition not easily observable without giving a sufficient reason. Castro v. Florida Juice Division, 400 So.2d 1280 (Fla. 1st DCA 1981).
The deputy did not err. Dr. Fishalow’s rejected testimony was not testimony on a medical issue, but testimony on an ordinary question of fact. Butterfield specifically denied putting any foreign material into the incision. Thus, the deputy merely resolved a disputed question of fact.
In view of our holding, it is unnecessary to reach the first issue on cross appeal. As to the other two issues on cross appeal, we find competent substantial evidence in the record supporting the deputy’s findings.
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.